**E-FILED**
Tuesday, 03 January, 2006  05:21:15 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Peoria Division**

---

NANCY WEBB,

       Plaintiff,

                                      Case No. 05-1332

v.

                                      Hon. Micheal M. Mihm

CIGNA CORPORATION AND
LIFE INSURANCE COMPANY              Magistrate Judge John A. Gorman
OF NORTH AMERICA,

       Defendants.

---

### DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES

---

NOW COMES Defendant Life Insurance Company of North America ("LINA" or "Defendant") by and through its attorneys, Gonzalez, Saggio & Harlan, L.L.P. by Elizabeth A. McDuffie, Esq. and Philip S. Holloway and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of Illinois, sets forth the following as and for its Answers and Affirmative Defenses to the Complaint filed by the Plaintiff, Nancy Webb ("Plaintiff" or "Ms. Webb") in the above-referenced action. Defendant CIGNA Corporation will respond to Plaintiff's Complaint, if necessary, after the Court rules on its Motion to Dismiss.

### COMPLAINT UNDER ERISA

**COMPLAINT PARAGRAPH NO. 1:** Plaintiff is a resident of Armington, Tazwell County, Illinois.

**ANSWER:** In answering Paragraph 1 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations and therefore denies same and puts Plaintiff to her proof.

**COMPLAINT PARAGRAPH NO. 2:** Defendant CIGNA Corporation is a corporation organized under the laws of the State of Delaware and either in its own name or through its subsidiaries, is licensed to sell insurance in Illinois, is engaged in the sale and administration of insurance policies in Illinois, or otherwise holds itself out as a Group Insurance Provider.

**ANSWER:** In answering Paragraph 2 of the Complaint Defendant admits in part and denies in part the allegations contained therein.   Defendant admits that it is a Delaware corporation.  Defendant denies the remaining allegations of this Paragraph.

**COMPLAINT PARAGRAPH NO. 3:** Defendant Life Insurance Company of North America is a subsidiary of CIGNA Corporation and licensed to sell insurance in Illinois or is otherwise engaged in the sale and administration of insurance policies in Illinois.

**ANSWER:** In answering Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.   Defendant specifically avers that it is an indirect subsidiary of CIGNA Corporation.

**COMPLAINT PARAGRAPH NO. 4:** Venue is proper under 29 U.S.C. § 1132(e)(2).

**ANSWER:** In answering Paragraph 4 of the Complaint, Defendant states that the Paragraph contains a legal conclusion to which no responsive pleading is necessary.

**COMPLAINT PARAGRAPH NO. 5:** This Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1) as an action brought under the Employee Retirement Income Security Act of 1974.

**ANSWER:**     In answering Paragraph 5 of the Complaint, Defendant states that the Paragraph contains a legal conclusion to which no responsive pleading is necessary.

**COMPLAINT PARAGRAPH NO. 6:** Defendants are plan administrators, claim administrators, and carriers for a certain group disability insurance plan, commonly known as the State Farm Employee Group Long Term Disability Insurance Plan, Policy Number LK-006900.

**ANSWER:** In answering Paragraph 6 of the Complaint, Defendant admits in part and denies in part the allegations contained therein.  Defendant admits that it issued Policy Number LK-006900 to State Farm Insurance Company.  Defendant denies the remaining allegations of this Paragraph.    Defendant specifically avers that LINA is the claim administrator for the Plan.

**COMPLAINT PARAGRAPH NO. 7:** Plaintiff is a participant under said plan.

**ANSWER:** In answering Paragraph 7 of the Complaint, Defendant denies the allegations contained therein.  Defendant specifically avers that Plaintiff was covered by the Plan while employed by State Farm and that Plaintiff is not entitled to any long-term disability benefits under this claim.

**COMPLAINT PARAGRAPH NO. 8:** Said plan meets the definition of an employee welfare plan as defined by 29 U.S.C. § 1002 *et seq*.

**ANSWER:** In answering Paragraph 8 of the Complaint, Defendant states that the Paragraph contains a legal conclusion to which no responsive pleading is necessary.

**COMPLAINT PARAGRAPH NO. 9:** Defendants have advised Plaintiff, in a letter dated June 14, 2005, but not sent to Plaintiff until October 3, 2005, that Plaintiff has the right to bring legal action regarding her claim under Section 502(a) of ERISA.

**ANSWER:** In answering Paragraph 9 of the Complaint, Defendant admits in part and denies in part the allegations contained therein.    Defendant admits that a letter dated June 14, 2005, was sent to Plaintiff.  Defendant is without knowledge or information as to when the letter was sent to Plaintiff and therefore denies that it was sent to Plaintiff on October 3, 2005 and puts plaintiff to her proof.   Defendant further states that the June 14, 2005, letter speaks for itself and to the extent the allegations in this Paragraph are inconsistent with the letter, Defendant denies same.  Defendant denies the remaining allegations of this Paragraph.

**COMPLAINT PARAGRAPH NO. 10:** Plaintiff is disabled in that because of injury and illness, she is unable to perform all of the material duties of her past regular occupation and is unable to perform all of the material duties of any other occupation for which she is or may reasonably become qualified to perform based upon education, training or experience.

**ANSWER:** In answering Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

**COMPLAINT PARAGRAPH NO. 11:** Plaintiff's disability commenced on October 3, 1997.

**ANSWER:** In answering Paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

**COMPLAINT PARAGRAPH NO. 12:** Plaintiff's disability qualifies her for long term disability benefits under said plan.

**ANSWER:** In answer Paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

**COMPLAINT PARAGRAPH NO. 13:** On or about June 3, 2004, Plaintiff made a claim for long term disability benefits under said plan.

**ANSWER:** In answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

**COMPLAINT PARAGRAPH NO. 14:** On or about July 27, 2004, Defendants denied Plaintiff's claim for long term disability benefits under said plan.

**ANSWER:** In answering Paragraph 14 of the Complaint, Defendant admits in part and denies in part the allegations contained therein.  Defendant admits that LINA denied Plaintiff's claim for long-term disability benefits.  Defendant specifically denies that CIGNA was at all involved in the denial of Plaintiff's long-term disability benefits.  Defendant denies the remaining allegations of this Paragraph.

**COMPLAINT PARAGRAPH NO. 15:** At various times between July 27, 2004 and October 3, 2005, Plaintiff appealed Defendants' denials and Defendant [sic] denied Plaintiff's appeals of her claim for long term disability benefits under said plan.

**ANSWER:** In answering Paragraph 15 of the Complaint, Defendant admits in part and denies in part the allegations contained therein.  Defendant admits that, at various times between July 27, 2004 and October 3, 2005, LINA denied Plaintiff's appeals of her claim for long-term disability benefits.  Defendant specifically denies that CIGNA was at all involved in the denial of Plaintiff's claim for long-term disability benefits.  Defendant denies the remaining allegations of this Paragraph.

**COMPLAINT PARAGRAPH NO. 16:** On or about October 3, 2005, Defendants forwarded to counsel for Plaintiff its final denial of Plaintiff's claim for long term disability benefits under said plan, dated June 14, 2005.

**ANSWER:** In answering Paragraph 16 of the Complaint, Defendant admits in part and denies in part the allegations contained therein.   Defendant admits that a letter dated June 14, 2005, was sent to Plaintiff.  Defendant is without knowledge or information as to when the letter was forwarded to counsel for Plaintiff and therefore denies that it was forwarded to counsel for Plaintiff on October 3, 2005 and puts Plaintiff to her proof.   Defendant further states that the June 14, 2005, letter speaks for itself and to the extent the allegations in this Paragraph are inconsistent with the letter, Defendant denies same.  Defendant specifically denies that CIGNA was at all involved in the denial of Plaintiff's claim for long-term disability benefits.  Defendant denies the remaining allegations of this Paragraph.

**COMPLAINT PARAGRAPH NO. 17:** Defendants' denial of Plaintiff's claim for long term disability benefits is arbitrary, capricious, contrary to the terms of the plan, and contrary to the manifest weight of the evidence of record.

**ANSWER:**   In answering Paragraph 17 of the Complaint, Defendant denies the allegations contained therein.  Defendant specifically denies that CIGNA was at all involved in the denial of Plaintiff's claim for long-term disability benefits.

**COMPLAINT PARAGRAPH NO. 18:** Plaintiff has exhausted her appeal rights under said plan.

**ANSWER:** In answering Paragraph 18 of the Complaint, Defendant admits the allegations contained therein.

**COMPLAINT PARAGRAPH NO. 19:** Plaintiff has the right to bring this action for recovery of benefits due from the plan under section 502(a)(1)(B) of ERISA.

**ANSWER:** In answering Paragraph 19 of the Complaint, Defendant states that the Paragraph contains a legal conclusion to which no responsive pleading is necessary.

## AFFIRMATIVE DEFENSES

The Defendant alleges the following as its Affirmative Defenses to the Complaint filed by Plaintiff:

1.      As and for its First Affirmative Defense, Defendant states that Plaintiff has failed to state a claim upon which relief may be granted.

2.      As and for its Second Affirmative Defense, Defendant states that, upon information and belief, Plaintiff has failed to mitigate her damages as required by law.

3.      As and for its Third Affirmative Defense, Defendant states that the denial of Plaintiff's claim for long-term disability benefits was not arbitrary and capricious and that the Court must review any decision under the arbitrary and capricious standard.

4.      As and for its Fourth Affirmative Defense, Defendant states that, to the extent Plaintiff establishes any liability, the remedies Plaintiff may receive are limited to the long-term disability benefits she would have received under the circumstances.

5.      As and for its Fifth Affirmative Defense, Defendant states that CIGNA is not a proper party to this action and should be dismissed.

6.      As and for its Sixth Affirmative Defense, Defendant hereby reserves the right to raise additional defenses as may become available through investigation and any discovery.

7.      As and for its Seventh Affirmative Defense, Defendant states that Plaintiff has failed to name all proper parties and/or necessary and indispensable parties to this action.

8.      As and for its Eighth Affirmative Defense, Defendant states that Plaintiff is not entitled to prejudgment interest under ERISA.

9.      As and for its Ninth Affirmative Defense, Defendant states that, to the extent Plaintiff establishes any liability, the remedies Plaintiff may receive are subject to the limitations, offsets, and reductions as set forth in State Farm Employee Group Long Term Disability Insurance Plan, Policy Number LK-006900.

10.      As and for its Tenth Affirmative Defense, Defendant states that Plaintiff did not timely file her claim for benefits under the terms of the Plan nor under the terms of ERISA.

**WHEREFORE,** Defendant respectfully requests that the matter be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees.

Respectfully submitted,

s/Elizabeth A. McDuffie
Attorney for Defendants
Gonzalez, Saggio & Harlan, L.L.P.
208 S. LaSalle Street
Suite 1460
Chicago, IL 60604
Phone 312- 236-0475
Fax     312-236-1750
E-mail: liz_mcduffie@gshllp.com

**ATTORNEYS FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2006, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which sent notification of such filing to the following:

tom.pliura@z-chart.com and I certify that I have mailed by United States Postal Service the

document to the following non CM/ECF participants: N/A.


s/Elizabeth A. McDuffie
Attorney for Defendants
Gonzalez, Saggio & Harlan, L.L.P.
208 S. LaSalle Street
Suite 1460
Chicago, IL 60604
Phone 312- 236-0475
Fax    312-236-1750
E-mail: liz_mcduffie@gshllp.com