UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NANCY WEBB, | |
| Plaintiff, | Case No.: 05 C 1332 |
| vs. | Honorable Micheal M. Mihm |
| CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, | Magistrate John A. Gorman |
| Defendants. | |

**MOTION TO DISMISS CIGNA CORPORATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Defendant, CIGNA CORPORATION, by and through its attorneys, Gonzalez, Saggio & Harlan, L.L.P., by Elizabeth A. McDuffie, Esq. moves to dismiss claims asserted against it in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In support of this Motion, CIGNA Corporation states the following:

Plaintiff, Nancy Webb ("Plaintiff"), filed this action against CIGNA Corporation, alleging that she had been unjustly denied long-term disability benefits under the State Farm Employee Group Long Term Disability Insurance Plan, Policy Number LK-006900 ("Plan"). The Plan is a qualified plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. For the reasons set forth below, CIGNA Corporation is not subject to personal jurisdiction in this Court, and, therefore, Plaintiff's action against CIGNA Corporation must be dismissed.

## FACTUAL BACKGROUND

### Allegations of the Complaint

The Plaintiff contends that she is a participant in the Plan. See ¶7 of Plaintiff's Complaint. Life Insurance Company of North America ("LINA") is the carrier for the Plan. See ¶6 of Plaintiff's Complaint.

The Plaintiff alleges that she became disabled on October 3, 1997 and that, under the Plan, she is entitled to long-term disability benefits. See ¶¶10-12 of Plaintiff's Complaint. Plaintiff names both CIGNA Corporation and LINA as Defendants and alleges that they are both plan administrators, claim administrators and carriers for the Plan. See ¶6 of Plaintiff's Complaint. The Plan qualifies as an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plaintiff brought this action seeking review of the denial of her claim in accordance with ERISA's Civil Enforcement Provision, 29 U.S.C. §1132(a)(1)(B). See ¶19 of Plaintiff's Complaint.

## JURISDICTIONAL FACTS

CIGNA Corporation is a Delaware corporation with its principal office located in Philadelphia, Pennsylvania. (See Affidavit of Frank Barlow attached as Exhibit 1). CIGNA Corporation is only qualified to do business as a general business corporation — not as a health care provider or an insurance company — in Delaware, Pennsylvania, New York, Connecticut and the District of Columbia. (Affidavit at ¶2). CIGNA Corporation has no office or place of business in the state of Illinois and has not conducted a business or business venture in Illinois. (Affidavit at ¶4). CIGNA Corporation is not licensed to conduct business of any kind in Illinois, does not own or rent any real property in Illinois, has no agents in Illinois, conducts no business in

Illinois, and has no employees in Illinois. (Affidavit at ¶4). CIGNA Corporation is not a party to any long-term disability policy with Plaintiff or State Farm Insurance Company. (Affidavit at ¶6). CIGNA Corporation has not and does not engage in any substantial activity within the State of Illinois, whether inter-state, intra-state, or otherwise, that would justify this Court's exercise of jurisdiction over it.

CIGNA Corporation does not dispute that it is the indirect parent corporation of LINA. (Affidavit at ¶4). The relationship of CIGNA Corporation to its indirect subsidiaries, however, is that of separate and distinct corporate entities (Affidavit at ¶¶ 10 and 11). CIGNA Corporation does not control or involve itself in the day-to-day affairs of LINA and CIGNA Corporation maintains separate business offices, accounts, books, employees, agents and operations from those of LINA. (Affidavit at ¶10 and 11). CIGNA Corporation did not enter into a contract or agreement, express or implied, with Plaintiff; it did not possess (nor was it a party to) any contracts, patient files, medical documents or policies of insurance which relate to this matter. (Affidavit at ¶6). CIGNA Corporation had no role in the processing of Plaintiff's claim for long-term disability benefits, in the denial of the claim, or in the denial of Plaintiff's administrative appeal. (Affidavit at ¶6).

**ARGUMENT**

I.   **This Court Lacks Personal Jurisdiction Over CIGNA Corporation**

A Federal District Court's exercise of personal jurisdiction over a non-resident defendant must comply with the Fifth Amendment Due Process clause. Federal due process demands that a court exercise personal jurisdiction over a non-resident only if the defendant has certain minimum contacts with the state, such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice. U.S. Const. Amend. 14. *Pasulka* v. *Sykes,* 131 F.Supp.2nd 988 (N.D. Ill. 2001). See also*, Michael J. Neuman & Associates, Ltd v. Florabelle Flowers, Inc.,* 15 F.3d 721, re-hearing and suggestion for re-hearing denied, on remand, 1994 W.L. 695548 (7th Cir. 1994). Specific jurisdiction is jurisdiction over a defendant in a suit arising or related to the defendants' contacts with the form. *Pasulka*, at 131 F.Supp.2nd 988. Essential inquiry for a specific jurisdiction is whether the defendant purposely availed himself with the benefits and protections of state law, such that he could anticipate being haled into court there. *Id.* Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contact with the forum. Also see *Helicopteros Nacionales De, Columbia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). General jurisdiction is permitted only where the defendant has continuous and systematic general business contacts within the forum. See, *Helicopteros Nacionales De, Columbia, S.A. v. Hall, 466,* U.S. at 416; see also, *Purdue Research Foundation v. Sanofi-Synthelaho, S.A.,* 338 F.3d 773, 787 (7th Cir. 2003).

As set forth below, CIGNA Corporation has not established any contacts with Illinois, availed itself of the privilege of conducting activities in this forum, or conducted any activities in the forum. Due process therefore bars the exercise of personal jurisdiction as to this defendant, and CIGNA Corporation should accordingly be dismissed.

A.     <u>**CIGNA Corporation is Not Subject to Specific Jurisdiction**</u>

This Court lacks personal jurisdiction over CIGNA Corporation because the exercise of jurisdiction over CIGNA Corporation would violate due process. See, *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). Due process requires that the defendants have purposely established minimum contacts within the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S.

462, 476-77 (1985); *Bally Export Corp. v. Balicar Ltd.,* 804 F2d. 398, 102 A.L.R. Fed. 797 (7th Cir. 1986). Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into Court in the forum state because the defendant has purposefully availed itself of the privilege of conducting activities there. *Publications Intern., Ltd. v. Burke/Triolo, Inc.,* 121 F.Supp.2d 1178 (N.D. Ill. 2000).

The Plaintiff cannot satisfy the burden of demonstrating the initial requirement for the imposition of specific jurisdiction because CIGNA Corporation has not purposefully availed itself of the privilege of conducting activities within the state of Illinois. As previously stated, CIGNA Corporation has no office or place of business in the state of Illinois and has not conducted a business or business venture in Illinois. CIGNA Corporation is not licensed to conduct business of any kind in Illinois, does not own or rent any real property in Illinois, has no agents in Illinois, conducts no business in Illinois, and has no employees in Illinois. CIGNA Corporation is not a party to any contract or group accident insurance policy with Plaintiff. CIGNA Corporation has never engaged in any substantial activity within the state of Illinois, whether interstate, intrastate, or otherwise, that would justify this Court's exercise of jurisdiction over it. CIGNA Corporation has no role in the processing of Plaintiff's claim for long-term disability benefits. CIGNA Corporation has not engaged in the requisite minimum contacts to have purposefully availed itself of the privilege of conducting activities in the state of Illinois and, consequently, CIGNA Corporation is not subject to specific jurisdiction in the state of Illinois. *Publications Interim., Ltd. v. Burke/Triolo, Inc.,* 121 F.Supp.2d 1178 (N.D. Ill. 2000).

B. **CIGNA Corporation Lacks "Substantial, Continuous and Systematic" Contacts With Illinois That Would Subject it to General Jurisdiction**

The constitutional requirement for general jurisdiction is considerably more stringent than that required for specific jurisdiction. General personal jurisdiction is permitted only where the defendant has continuous and systematic general business with the forum state, while specific jurisdiction applies when the defendant's contacts with the forum are related to the controversy underlying the litigation. *Harding University v. Consulting Services Group, L.P.,* 22 F.Supp.2nd 824 (N.D. Ill. 1998), see also, *Helicopteros Nacionales De, Columbia, S.A.,* 466 U.S. at 416. These contacts must be so extensive to be tantamount to CIGNA Corporation being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in a Illinois Court in any litigation arising out of any transaction or occurrence taking place anywhere in the world. *Id.*

Inasmuch as the Plaintiff cannot show that CIGNA Corporation satisfies the less stringent constitutional requirements for specific jurisdiction, Plaintiff is hard pressed to show that CIGNA Corporation is subject to general jurisdiction in Illinois. Specifically, CIGNA Corporation is not incorporated within the state, has not consented to jurisdiction in the state, has not appointed an agent to accept service of process in the state, has not voluntarily availed itself of the courts of the state, has not performed any act in the state, and has no ownership of property in the state. Consequently, CIGNA Corporation has not maintained "continuous and systematic" business contacts within the state that would subject it to general jurisdiction.

## CONCLUSION

CIGNA Corporation has neither a nexus to the state of Illinois in general, nor to the Plaintiff in particular, that would be sufficient to subject it to personal jurisdiction. For all of these reasons, CIGNA Corporation respectfully requests that this Court dismiss Plaintiff's Complaint

against it for lack of personal jurisdiction.

**WHEREFORE,** Defendant respectfully requests that the matter be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees.

>Respectfully submitted,
>
>CIGNA CORPORATION
>
>
>By:   s/Elizabeth A. McDuffie
>      Attorney for Defendants
>      Gonzalez, Saggio & Harlan, L.L.P.
>      208 S. LaSalle Street
>      Suite 1460
>      Chicago, IL 60604
>      Phone 312- 236-0475
>      Fax    312-236-1750
>      E-mail: liz_mcduffie@gshllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: tom.pliura@z-chart.com and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A.

s/Elizabeth A. McDuffie  
Attorney for Defendants  
Gonzalez, Saggio & Harlan, L.L.P.  
208 S. LaSalle Street  
Suite 1460  
Chicago, IL 60604  
Phone 312- 236-0475  
Fax    312-236-1750  
E-mail: liz_mcduffie@gshllp.com
